UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN INGERSOLL, a Washington resident, LYNN BASTROM, a Washington resident, and on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

ROYAL & SUNALLIANCE USA, a foreign corporation,

Defendant.

Case No.  CV05-1774L

ORDER ON PLAINTIFFS' MOTION RE: ALL OTHERS SIMILARLY SITUATED

## I. Introduction

This matter comes before the Court on plaintiffs' "Motion Re: All Others Similarly Situated" (Dkt. # 7).  Plaintiffs ask the Court to certify a 29 U.S.C. § 216(b) collective action, allowing joinder of all other similarly situated persons.  In addition, plaintiffs request that the Court impose equitable tolling of the statute of limitations for all potential plaintiffs from their first day employed by defendant until their decision to "opt in" to the litigation.

## II. Background

Plaintiffs allege that defendant violated the Fair Labor Standards Act of 1938, the

ORDER ON PLAINTIFFS' "MOTION RE: ALL OTHERS SIMILARLY SITUATED"  – 1

Washington Minimum Wage Act, and various Washington state statutes governing overtime, rest, and meal periods. Plaintiffs worked for defendant as auto insurance field staff appraisers in the state of Washington. They claim that the defendant inappropriately classified them as "exempt" under the Fair Labor Standards Act to avoid paying them overtime wages. Defendant employed auto insurance field appraisers around the country under a uniform compensation system. Therefore, plaintiffs request that the Court classify all auto insurance field staff appraisers and other employees with similar job duties who work or have worked for defendant as similarly situated persons.

### III. The 29 U.S.C. § 216(b) Collective Action

Plaintiffs ask the Court to certify a collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Pursuant to 29 U.S.C. § 216(b), "[a]n action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

The Court may grant conditional certification prior to the start of discovery. Reed v. Mobile County Sch. Sys., 246 F. Supp. 2d 1227, 1230 (S.D. Ala. 2003). Fed. R. Civ. P. 26(d) allows the Court to issue an order for discovery before the Fed. R. Civ. P. 26(f) conference. Fed. R. Civ. P. 26(d). Therefore, it is in the Court's discretion to initiate its involvement in a collective action "early, at the point of the initial notice, rather than at some later time." Hoffmann-La Roche v. Sperling, 493 U.S. 165, 171 (1989).

The Court also has discretion in its decision whether or not to grant a motion for a 29 U.S.C. § 216(b) collective action. Leuthold v. Destination Am., 224 F.R.D. 462, 466 (N.D. Cal. 2004). Courts generally evaluate requests to certify a 29 U.S.C. § 216(b) collective action through two alterative analyses: treating the collective action as analogous to a class action or applying "a two-step approach involving initial notice to prospective plaintiffs followed by a final evaluation." Leuthold, 224 F.R.D. at 466. The Ninth Circuit has not yet endorsed either of these methods.

ORDER ON PLAINTIFFS' "MOTION RE: ALL OTHERS SIMILARLY SITUATED" – 2

The Court joins a majority of courts and adopts the two-step approach. Under this approach, the Court examines the limited record before it, determining if "the potential class should be given notice of the action." Id. at 467. The Court's decision is based on a lenient standard. Id. It rests upon the Court's initial determination regarding plaintiffs' assertion of other potential class members who are similarly situated. Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001).

Neither the Ninth Circuit nor the Fair Labor Standards Act defines "similarly situated." Leuthold, 224 F.R.D. at 466. Courts interpret the phrase in two ways. Owen v. West Travel Inc., No. C03-0659Z, 2003 U.S. Dist. LEXIS 26212, at * 11 (W.D. Wash. Dec. 12, 2003). It may require "a modest factual showing" by the plaintiffs illustrating "that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, 982 F. Supp. 249, 261 (S.D. N.Y. 1997). Alternatively, it involves an assessment that examines job titles, locations worked, time of the discrimination, responsible decision makers, and "whether the plaintiffs all alleged similar, though not identical, discriminatory treatment." Reed, 246 F. Supp. 2d at 1232.

Plaintiffs meet the criteria of both tests, so the Court need not decide between the definitions at this time. Defendant employed plaintiffs, other auto insurance field staff appraisers, and individuals with similar job duties under a uniform compensation scheme. Although they worked in different areas of the country, all potential class members had equivalent tasks and responsibilities and were classified as "exempt" under the Fair Labor Standards Act. After reviewing the record, the Court grants the initial notice stage certification of the two-step approach; plaintiffs are similarly situated to auto insurance field staffers and others with similar job duties employed by defendant.

It is in the Court's discretion to "facilitat[e] notice to potential plaintiffs" when it implements 29 U.S.C. § 216(b). Hoffmann-La Roche, 493 U.S. at 169. Unlike Fed. R. Civ. P. 23 class actions, collective actions under 29 U.S.C. § 216(b) require the consent of the class

ORDER ON PLAINTIFFS' "MOTION RE: ALL
OTHERS SIMILARLY SITUATED"   – 3

members before they join the litigation, "[n]o employee shall be a party plaintiff . . . unless he gives his consent in writing to become such a party." 29 U.S.C. § 216(b).  Therefore, the Court grants plaintiffs' request and orders defendant to provide the name, address, social security number, and dates of employment for all similarly situated individuals.  Upon receiving the information, plaintiffs may notify all similarly situated individuals of the pending litigation.

Plaintiffs request a 90 day period following receipt of notice of the 29 U.S.C. § 216(b) collective action within which potential class members may "opt in" to the litigation.  The Court, finding that 90 days is a reasonable time, grants plaintiffs' request.

Upon completion of discovery, defendant may make a motion to decertify the 29 U.S.C. § 216(b) collective action.  The Court will then undertake the second evaluation of the two-step approach.  Using a test of higher scrutiny, the Court will weigh "the following factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations."  Leuthold, 224 F.R.D. at 467.  If the Court finds that the class members are not similarly situated to the plaintiffs, it will decertify the 29 U.S.C. § 216(b) collective action, dismissing without prejudice the claims of individuals who have "opted in" to the litigation.  Leuthold, 224 F.R.D. at 467.

### IV. Equitable Tolling Of The Statute Of Limitations

Plaintiffs' request that the Court equitably toll the statute of limitations for potential class members is premature.  Because these individuals have not yet chosen to "opt in" to the 29 U.S.C. § 216(b) collective action, plaintiffs ask the Court to make an advisory decision.  The Court may only issue opinions that "affect the rights of the litigants in the case before it." United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986).  At this time, the Court denies plaintiffs' motion for the equitable tolling of the statute of limitations for potential class members.

ORDER ON PLAINTIFFS' "MOTION RE: ALL
OTHERS SIMILARLY SITUATED"   – 4

### IV. Conclusion

For all of the foregoing reasons, plaintiffs' "Motion Re: All Others Similarly Situated" (Dkt. # 7) is GRANTED in part and DENIED in part.

DATED this 10th day of February, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFFS' "MOTION RE: ALL
OTHERS SIMILARLY SITUATED" – 5