UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN INGERSOLL, a Washington resident, LYNN BASTROM, a Washington resident, and on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>ROYAL & SUNALLIANCE USA, a foreign corporation,<br><br>            Defendant. | Case No.  CV05-1774L<br><br>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) |

   This matter comes before the Court on defendant's "Motion To Transfer Pursuant to 28 U.S.C. § 1404(a)" (Dkt. # 10). Plaintiffs allege that defendant violated the Fair Labor Standards Act of 1938, the Washington Minimum Wage Act, and various Washington state statutes governing overtime, rest, and meal periods. Defendant requests that the Court transfer this civil action to the Western District of North Carolina, Charlotte Division.

   Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." The Court gives deference to plaintiffs' forum choice. Ravelo Monegro v. Rosa, 211 F.3d 509, 513 (9th Cir. 2000). Defendant must show that, in the interests of justice, the overall convenience of parties and witnesses weighs in favor

ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER – 1

of transferring the case. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Decisions to transfer are made on an individualized basis with specific consideration given to issues of convenience and fairness. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Jones v. GNC Franchising, 211 F.3d 495, 498 (9th Cir. 2000). The Court may weigh the following factors when ruling on a motion to transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the difference in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498-99.

The Court has granted plaintiffs' "Motion Re: All Others Similarly Situated" (Dkt. # 7), certifying a 29 U.S.C. § 216(b) collective action. Unlike Fed. R. Civ. P. 23 class actions, 29 U.S.C. § 216(b) collective actions require potential class members to "opt in" to the litigation. LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975). Courts have found that the "opt-in" requirement "strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of" a claim under the Fair Labor Standards Act. Alix v. Shoney's Inc., No. Civ.A 96-2812, 1997 WL 66771, at *3 (E.D. La. Feb 18, 1997).

The Court finds that transferring this civil action to the Western District of North Carolina at this time would not best serve either the interests of justice or the convenience of parties and witnesses. Washington, plaintiffs' choice of forum, has substantial ties with the current litigation. Plaintiffs are Washington residents and worked for defendant in Washington. The alleged harm, the denial of overtime pay and pay for rest periods, occurred in Washington. Along with their federal Fair Labor Standards Act claim, plaintiffs have also brought claims under the Washington Minimum Wage Act and various Washington state statutes governing

overtime, rest, and meal periods. Defendant notes that it will be unable to compel non-party witnesses living beyond the reach of the trial subpoena power of the Western District of Washington to appear before the Court. Although defendant may use videotaped depositions or testimony via telephone, the Court recognizes the challenges associated with such alterative methods. Finally, though defendant is based in North Carolina, plaintiffs' former supervisor is an Oregon resident, and defendant has been involved in equivalent litigation in California. It is clear at this stage that the factors weigh against a motion to transfer venue.

However, defendant may bring another motion to transfer based upon the final composition of plaintiffs' collective action. It is possible at that point that the majority of class members who "opt in" to plaintiffs' collection action will be residents of North Carolina and South Carolina, the same states where many of defendant's key witnesses and documents are located. The Court may revisit the issue of venue under the revised circumstances.

For all of the foregoing reasons, defendant's "Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)" (Dkt. # 10) is DISMISSED without prejudice.

DATED this 10th day of February, 2006.

                                           /s/ Robert S. Lasnik
                                       Robert S. Lasnik
                                       United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER – 3