UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN INGERSOLL, a Washington Resident; LYNN BASTROM, a Washington Resident, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL & SUNALLIANCE USA, a foreign corporation; and ROYAL INDEMNITY COMPANY, a foreign corporation,<br><br>Defendants. | Case No. CV05-1774 RSL<br><br>ORDER DENYING PLAINTIFFS' APPLICATION FOR ORDER TO SHOW CAUSE |

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' application for the Court to order defendant Royal & SunAlliance USA, Inc. ("Royal") to show cause why it should not be held in contempt (Dkt. # 34). Royal took five weeks to comply with the Court's order to provide plaintiffs with contact information for similarly situated individuals.

## II. FACTS

Plaintiffs allege that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Washington Minimum Wage Act, RCW 49.46 et seq. With regard

ORDER DENYING PLAINTIFFS' APPLICATION
FOR ORDER TO SHOW CAUSE- 1

to the FLSA claims, the Court granted plaintiffs' motion for preliminary certification as a collective action, and ordered defendant to provide contact information for all similarly situated individuals (Dkt. #27). That order, which was filed February 10, 2006, gave no deadline for compliance. The parties agree that the required information was provided partially on March 9, 2006, and in full on Friday, March 17, 2006, five weeks after the Court's order. Response at 6; Reply at 3.

### III.  DISCUSSION

**A.  Civil Contempt**

For the Court to hold defendant in civil contempt, plaintiffs must show, by clear and convincing evidence, (1) that defendant violated the court order (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order. In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

The Court ordered defendant to provide specified contact information to plaintiffs. Setting aside the question of whether the five-week delay was justified, both parties agree that the information has been provided.[1] "[T]he judgment for civil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt[.]" De Parcq v. U.S. District Court for Southern Dist. of Iowa, 235 F.2d 692, 699 (8th Cir. 1956). In the present case, defendant has now complied with the Court's order. No further compliance may be coerced by holding defendant in contempt or imposing sanctions. The Court need not decide whether the five-week delay was a failure to substantially comply with the order, as any violation has now been remedied.

**B.  Tolling the Statute of Limitations**

In the reply brief, plaintiffs alternatively ask the Court to "factor in" the five-week delay

---

[1] The Court does question the wisdom of filing a motion at 11:35 p.m. on Thursday, March 16, when the information has been promised to be delivered the next day, Friday, March 17. The information was delivered as promised.

ORDER DENYING PLAINTIFFS' APPLICATION
FOR ORDER TO SHOW CAUSE- 2

when the issue of equitable tolling arises. Reply at 4. The Court declines to consider issues not raised in the original motion. Furthermore, the Court's "Order on Plaintiffs' Motion Re: All Others Similarly Situated" stated that deciding whether to equitably toll the statute of limitations before potential class members have had a chance to "opt in" is premature. Order at 4.

## IV. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's application for the Court to order defendant Royal & SunAlliance to show cause why it should not be held in contempt (Dkt. # 34).

DATED this 21st day of April, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge