01
02
03
04
05
06         UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
07                    AT SEATTLE

08 STEVEN INGERSOLL, a Washington )  CASE NO. C05-1774-MAT
   resident, LYNN BASTROM, a Washington )
09 resident, and on behalf of themselves and all )
   others similarly situated, )
10                                        )
          Plaintiffs,                     )
11                                        )  ORDER GRANTING DEFENDANTS'
          v.                              )  MOTION FOR CLARIFICATION OF
12                                        )  DISCOVERY LIMITS
   ROYAL & SUNALLIANCE USA, INC., a )
13 foreign corporation, and               )
                                          )
14 ROYAL INDEMNITY COMPANY, a foreign )
   corporation.                           )
15                                        )
          Defendants.                     )
16 _____ )

17                    INTRODUCTION

18     Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA), 29 U.S.C.

19 § 216(b). Defendants filed the current motion seeking clarification of discovery limits. (Dkt. 78.)

20 Defendants argue that discovery should be allowed for both named and opt-in plaintiffs. Plaintiffs

21 contend that discovery at this phase of the proceedings should be allowed only as to named

22 plaintiffs. (Dkt. 84.) Alternatively, plaintiffs suggest allowing discovery as to only a small sample

ORDER GRANTING DEFENDANTS' MOTION
FOR CLARIFICATION OF DISCOVERY LIMITS
PAGE -1

01 of opt-in plaintiffs. For the reasons described below, the Court finds defendants' request

02 reasonable and will allow written and deposition discovery as to all opt-in plaintiffs to proceed.

03 DISCUSSION

04 Pursuant to 29 U.S.C. § 216(b), "[a]n action to recover . . . liability . . . may be maintained

05 against any employer . . . by any one or more employees for and in behalf of himself or themselves

06 and other employees similarly situated." In this case, plaintiffs sought to certify a class of all auto

07 insurance field staff appraisers and other employees with similar job duties who work or have

08 worked for defendants as similarly situated persons.

09 By order dated February 10, 2006, United States District Judge Robert S. Lasnik adopted

10 a two-step approach utilized by a majority of courts in conditionally certifying this collective

11 action. (*See* Dkt. 27.) Pursuant to that approach, the Court employed a lenient standard in

12 rendering an initial determination as to plaintiffs' assertion of other potential class members who

13 are similarly situated. (*Id*. at 3 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102

14 (10th Cir. 2001)). At this first step, the Court concluded that "plaintiffs are similarly situated to

15 auto insurance field staffers and others with similar job duties employed by defendant." (*Id*.) The

16 Court noted that, following notice to all similarly situated individuals and "[u]pon completion of

17 discovery, defendant may make a motion to decertify the 29 U.S.C. § 216(b) collective action."

18 (*Id*. at 4.) At that point, the Court will undertake the second evaluation called for by the two-step

19 approach. "Using a test of higher scrutiny, the Court will weigh 'the following factors: (1) the

20 disparate factual and employment settings of the individual plaintiffs; (2) the various defenses

21 available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural

22 considerations.'" (*Id*. (quoting *Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal.

2004.)) If concluding that class members are not similarly situated to plaintiffs, the Court will decertify the collective action, dismissing without prejudice the claims of individuals who opted in to the litigation. (*Id.*)

Thirty-four individuals subsequently opted in to this collective action. Defendants thereafter served plaintiffs with their first set of discovery requests. Although responding with respect to named plaintiffs, plaintiffs objected to any discovery from opt-in plaintiffs. However, as noted by defendants, plaintiffs sought discovery both as to named and opt-in plaintiffs in their own first set of discovery requests. Defendants filed the current motion in order to resolve this discovery dispute.

Defendants argue that the plain language of Section 216(b) of the FLSA and Federal Rules of Civil Procedure 33 and 34 allow for discovery of opt-in plaintiffs, that the Court must evaluate evidence gathered in discovery for each individual plaintiff, and that courts regularly allow discovery of all opt-in plaintiffs in collective actions. They assert the need for this discovery to allow the development of evidence relevant to certification at the second step of the above-described two-step process, to allow the evaluation of various defenses available to defendants with respect to each individual plaintiff, and to allow an individual inquiry to determine plaintiffs' request for equitable tolling.

Plaintiffs ask that the Court use its discretion to limit what they describe as burdensome and cumulative discovery requests. *See* Fed. R. Civ. P. 26(b)(2) (calling for limitation of discovery that is, *inter alia*, unreasonably cumulative or duplicative, or where the burden or expense of the discovery outweighs its likely benefit). Also, noting the bifurcation of the proceedings in this case into liability and damages phases (*See* Dkt. 61 ("Joint Status Report and Discovery Plan")),

plaintiffs further assert that the information sought by defendants – including that related to equitable tolling and defenses – relates to damages, not liability and, therefore, is not relevant at this stage of the proceedings. Finally, plaintiffs note that other courts have limited individualized discovery in FLSA collective actions. Alternatively, plaintiffs aver that they are amenable to several opt-in plaintiffs participating in discovery during the liability phase, and that they are similarly willing to confine their discovery requests to this limited group of individuals.

Although the Court recognizes the burdens associated with undertaking this collective action, plaintiffs' arguments are not well taken. The Court first notes that, as pointed out by defendants, the parties agreed to bifurcate the trial in this matter, not to bifurcate discovery. (*See* Dkt. 61 at 3 & 4.) The acknowledgment in the Joint Status Report and Discovery Plan that a "second phase of discovery may be required after the first liability phase[]" recognizes the possible need for later discovery, it does not foreclose discovery pertinent to the issue of damages in the liability phase of the proceedings.[1] Indeed, the Joint Status Report and Discovery Plan broadly pronounces that "[d]iscovery will be directed to the claims and defenses raised in the pleadings." (*Id*. at 3.) Moreover, as argued by defendants, the prevention of discovery into damages until after a trial on liability may well result in the undesirable consequence of preempting settlement.

Next, and critically, discovery related to the opt-in plaintiffs is pertinent to the determination of whether or not these individuals are similarly situated within the meaning of the FLSA. Plaintiffs' reliance on language contained within Judge Lasnik's order disregards the fact

---

[1] Also, the statement that "[t]he parties agree that discovery will occur in phases[,]" appears to relate to the subsequent statements that depositions will begin in June 2006 and then recommence in September 2006 owing to the unavailability of plaintiff's counsel in the interim. (Dkt. 61 at 3.)

01 that that order merely conditionally certified the class.  As indicated within the order, "[u]pon

02 completion of discovery[]" and a motion to decertify by defendants, the Court will more closely

03 scrutinize whether or not the opt-in plaintiffs are in fact similarly situated. (Dkt. 27 at 4.)

04 Defendants reasonably and appropriately request the opportunity to obtain discovery relevant to

05 their anticipated motion to decertify.

06       Finally, the Court is persuaded by the reasoning of courts permitting individualized

07 discovery of opt-in plaintiffs.  *See, e.g., Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 449

08 (S.D.N.Y. 1995) ("This is not a class consisting of thousands of absent class members, scattered

09 throughout the country, perhaps unaware of the litigation itself. This case involves a relatively

10 small group of 162 people, each of whom has freely chosen to participate and each of whom has

11 relevant information with respect to the claims and defenses in this action.  Having already

12 deposed the named plaintiffs and having obtained the plaintiffs' agreement to depose about 19

13 other consent signers without objection, defendants properly seek to depose an additional 14

14 consent signers. These 14 individuals, like all members of the class, could be deposed fully on the

15 issues in this case to the extent information is not otherwise obtained from them, such as through

16 answers to detailed questionnaires. Certainly this approach is more efficient and less onerous than

17 a procedure that defers an entirely new round of unspecified discovery until some indefinite future

18 date. Finally, defendants persuasively argue that they need discovery to be able to participate

19 meaningfully in settlement discussions pending before the Magistrate Judge in this action.")

20 Plaintiffs fail to adequately support their contention that discovery relating to a total of thirty-six

21 individuals would be unduly burdensome.  In fact, the only case on which plaintiffs specifically rely

22 – an unpublished decision from the Southern District of Ohio – involved a far larger class (more

than 1500 opt-in plaintiffs) and the potential for discovery of some 90 individual opt-in plaintiffs. *See Smith v. Lowe's Home Centers, Inc.*, No. 2:04-CV-774, 2006 U.S. Dist. LEXIS 26686 at *5-12 (S.D. Ohio May 5, 2006). Plaintiffs' alternative suggestion that this Court similarly allow discovery of only a small representative sample ignores the fact that this matter involves a relatively small total number of named and opt-in plaintiffs.

## CONCLUSION

For the reasons described above, defendants' motion for clarification of discovery limits is hereby GRANTED. Defendants may conduct written and deposition discovery of both named and all opt-in plaintiffs in this matter. The Clerk is directed to send copies of this Order to counsel for plaintiffs and defendants.

DATED this 25th day of July, 2006.

Mary Alice Theiler
United States Magistrate Judge